Noel **CORNELIO;** et al., **Petitioners,**

and

**Phoenix Processor Limited Partnership Inc,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 06–74745.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2008.

Filed May 1, 2008.

Bradley H. Bagshaw, Scott Edward Collins, David Carl Bratz, Gail M. Luhn, Seattle, WA, for Petitioner.

Jill A. Griffin, Jason Walta, Washington, DC, for Respondent.

Before: REINHARDT, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Twenty-three employees who worked as fish processors aboard the *S/S Ocean Phoenix* petition for review of a decision by the National Labor Relations Board ("Board") concluding that, as seamen, petitioners were not entitled to engage in a shipboard work stoppage in defiance of the captain's orders. We have jurisdiction pursuant to 29 U.S.C. § 160(f), and we deny the petition.

We are bound by *Southern Steamship Co. v. NLRB*, 316 U.S. 31, 62 S.Ct. 886, 86 L.Ed. 1246 (1942). In that case, the Supreme Court held that the Board lacked authority to order an award of reinstatement and backpay to seamen who engage in a strike or work stoppage. As the Court explained, "[w]e cannot ignore the fact that the strike was unlawful from its very inception. It directly contravened the policy of Congress.... Consequently, and despite the initial unfair labor practice which caused the strike, we hold that the reinstatement provisions of the order exceeded the Board's authority...." *Id.* at 48, 62 S.Ct. 886.

In reaching this conclusion, the Court emphasized that "[e]ver since men have gone to sea, the relationship of master to seaman has been entirely different from that of employer to employee on land. The lives of passengers and crew as well as the safety of ship and cargo are entrusted to the master's care. Every one and every thing depend on him. He must command and the crew must obey. Authority cannot be divided." *Id.* at 38, 62 S.Ct. 886. *Southern Steamship* leaves no room for an exception for at-will seamen whose function is that of fish processor.

Because petitioners do not challenge the Board's finding that they are seamen, the Board properly relied on *Southern Steamship* in concluding that they were not entitled to engage in a work stoppage at sea in defiance of the captain's orders. Contrary to petitioners' argument that they did not disobey an order of the captain, the Board's finding that they disobeyed his order to return to work is supported by substantial evidence. Under the circumstances, we are not free to decline to enforce the Board's order or reverse its holding that petitioners were not entitled to engage in a shipboard work stoppage. We therefore deny the petition for review.

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.