**In the Matter of: James Henderson SANDERS, Debtor,**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**James Henderson Sanders, Appellant,**

v.

**Progressive Casualty Insurance Company; et al., Appellees.**

**No. 08–35044.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

See also 276 Fed.Appx. 603.

James Henderson Sanders, Scottsdale, AZ, pro se.

R. Craig McMillin, Esq., Salem, OR, U.S. Trustee, U.S. Attorney, Office of the U.S. Attorney, Robert J. Vanden Bos, Esq., Portland, OR, U.S. Atty General, U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Appellees.

Liberty Mutual Insurance Company, Salem, OR, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

James Henderson Sanders appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order denying his motion for relief from the judgment dismissing his adversary proceeding. We have jurisdiction under 28 U.S.C. § 158. We consider the decision of the bankruptcy court independently and review for abuse of discretion the determination to deny relief under Federal Rule of Civil Procedure 60(b)(6). *United States v. Wyle (In re Pac. Far East Lines, Inc.)*, 889 F.2d 242, 245 (9th Cir.1989). We affirm.

■ Sanders contends the district court made "profound corrections" to documents pertaining to his underlying criminal conviction and that the bankruptcy court abused its discretion by not considering these as extraordinary circumstances sufficient to grant relief from judgment. On the contrary, we have already determined that "the mistake" corrected by the district court was not profound but "purely clerical." *United States v. Sanders*, 276 Fed.Appx. 603, 604 (9th Cir.2008) (unpublished). Because there were no "profound corrections," the bankruptcy court did not abuse its discretion when it declined to consider as an extraordinary circumstance the fact that the district court made the correction two months after the BAP dismissed Sanders' previous appeal for failure to prosecute. *See In re Pac. Far East Lines*, 889 F.2d at 250 (requiring a show-

ing of "extraordinary circumstances" to excuse failure to follow ordinary paths of appeal).

■ Sanders contends that application of 11 U.S.C. § 523(a)(13) amounts to a violation of the Ex Post Facto Clause. We are proscribed from considering this contention because it was at the heart of his 2004 adversary proceeding and dismissal of that proceeding is not before us. *See In re Pac. Far East Lines*, 889 F.2d at 250 (disapproving of "a case where a litigant ... has let the normal appeals channels lapse [and] seeks to have a second bite at the apple").

We deny all outstanding motions as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

